# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMERICAN MANAGEMENT SERVICES EAST, LLC, a Washington limited liability company, AMERICAN MANAGEMENT SERVICES LLC, a Washington limited liability company, AMERICAN MANAGEMENT SERVICES CALIFORNIA INC., a Washington corporation, GOODMAN REAL ESTATE, INC., a Washington corporation, formerly d/b/a GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON, an individual, JOHN GOODMAN, an individual, PINNACLE IRWIN LLC, a Washington limited liability company, and PINNACLE MONTEREY LLC, a Washington limited liability company, | Civil Action No. **COMPLAINT FOR (1) DECLARATORY RELIEF, (2) BREACH OF CONTRACT, (3) INSURANCE BAD FAITH, (4) VIOLATION OF THE INSURANCE FAIR CONDUCT ACT, & (5) VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT** |
| Plaintiffs, | |
| vs. | **DEMAND FOR JURY TRIAL** |
| SCOTTSDALE INSURANCE COMPANY, a Delaware corporation, and LEXINGTON INSURANCE COMPANY, a Delaware corporation, | |
| Defendants. | |

For their Complaint against Defendants, Plaintiffs allege as follows:

## I. PARTIES

1.1.    Plaintiff American Management Services East LLC is a Washington limited

COMPLAINT- 1
Case No.:

1014735\v1

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

liability company with its principal place of business in Seattle, Washington, and has paid all taxes and license fees thereby allowing it to bring this action, and is a "Named Insured under the Policies.

1.2     Plaintiff American Management Services LLC is a Washington limited liability company with its principal place of business in Seattle, Washington, and has paid all taxes and license fees thereby allowing it to bring this action, and is a "Named Insured" under the Policies.

1.3     Plaintiff American Management Services California Inc. is a Washington corporation with its principal place of business in Seattle, Washington, and has paid all taxes and license fees thereby allowing it to bring this action, and is a "Named Insured" under the Policies.

1.4     Plaintiff Goodman Real Estate, Inc., formerly d/b/a Goodman Financial Services, Inc., is a Washington corporation with its principal place of business in Seattle, Washington, and has paid all taxes and license fees thereby allowing it to bring this action, and is a "Named Insured" under the Policies.

1.5     Plaintiff Pinnacle Irwin LLC is a Washington limited liability company with its principal place of business in Seattle, Washington, and has paid all taxes and license fees thereby allowing it to bring this action, and is a "Named Insured" under the Policies.

1.6     Plaintiff Pinnacle Monterey LLC is a Washington limited liability company with its principal place of business in Seattle, Washington, and has paid all taxes and license fees thereby allowing it to bring this action, and is a "Named Insured" under the Policies.

1.7     Plaintiff Stanley Harrelson resides in King County and, at all relevant times, was a manager of American Management Services LLC, Pinnacle Irwin LLC, and Pinnacle Monterey LLC, and chairman of American Management Services California Inc., and is an "insured" under the Policies.

1.8     Plaintiff John A. Goodman resides in King County and, at all relevant times, was a member of American Management Systems LLC, Pinnacle Irwin LLC, and Pinnacle Monterey LLC, and the chairman of American Management Services LLC and Goodman Real Estate, Inc, and is an "insured" under the Policies.

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1.9     Defendant Scottsdale Insurance Company ("Scottsdale") is a Delaware corporation and is licensed to do business in Washington.

1.10    Defendant Lexington Insurance Company ("Lexington") is a Delaware corporation and is licensed to do business in Washington.

## II.  JURISDICTION AND VENUE

2.1     This court has personal jurisdiction over all parties because Defendants transact business or transacted business during all relevant times in the Western District of Washington.

2.2     This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a), because there is complete diversity of citizenship between the parties. The amount in controversy exceeds the sum of $75,000. Venue lies with this court pursuant to 28 U.S.C. §1391(a), because the events which give rise to this dispute occurred in the Western District of Washington.

## III.  GENERAL ALLEGATIONS

3.1      This action derives from facts and allegations within two underlying cases which remain under adjudication in California and Georgia.

3.2     Plaintiffs are insureds under Commercial General Liability Policy Nos. RBS0001646, RBS 0001718, RBS 0002725, and RBS 0002791, issued by Scottsdale for the policy years of April 10, 2008 through April 10, 2009, April 10, 2009 through April 10, 2010, April 10, 2010 through April 10, 2011, and April 10, 2011 through April 10, 2012 (together, the "Scottsdale Policies"), respectively.

3.3     The Scottsdale Policies each require Scottsdale to indemnify Plaintiffs for damages and obligates Defendants to defend Plaintiffs in the event of suit.  Specifically, the Scottsdale Polices provide in relevant part that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

COMPLAINT- 3
Case No.:

1014735\v1

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

3.4     Plaintiffs are also insureds under Commercial General Liability Policy Nos. 3470023, 0328814, 2606695, and 0631748, issued by Lexington for the policy years of April 10, 2003 through April 10, 2004, April 10, 2004 through April 10, 2005, April 10, 2005 through April 10, 2006, and April 10, 2007 through April 10, 2008 (together, the "Lexington Policies"; and together with the Scottsdale Policies, the "Policies"), respectively.

3.5     The Lexington Policies each require Lexington to indemnify Plaintiffs for damages and obligates Defendants to defend Plaintiffs in the event of suit. Specifically, the Lexington Policies provide in relevant part that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages because of "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

3.6     Plaintiffs Pinnacle Monterey LLC, Pinnacle Irwin LLC, American Management Services California Inc., American Management Services LLC, Goodman Real Estate, Inc., Stanley Harrelson, and John Goodman (the "California Plaintiffs") are named as defendants in *Monterey Bay Military Housing, LLC, et al. vs. Pinnacle Monterey LLC, et al.*, United States District Court, Northern District of California, San Jose Division, Case No. 14-cv-03953-BLF[1] (the "California Action").

3.7     The Fifth Amended Complaint filed in the California Action contains numerous allegations that the California Plaintiffs unintentionally caused property damage and bodily injury resulting from the California Plaintiffs' alleged mismanagement of military housing facilities located on United States military facilities in California that are commonly known as the Presidio of Monterey/Fort Ord, Fort Irwin, Moffett Field, and Camp Parks.

---

[1] That lawsuit was removed from state court in an action styled as *Monterey Bay Military Housing, LLC, et al. v. Pinnacle Monterey LLC, at al.*, Superior Court of the State of California, County of Monterey, Case No. M 112710. The term "California Action" refers jointly to the state court and federal court lawsuits.

COMPLAINT- 4

Case No.:

1014735\v1

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

3.8     Plaintiffs American Management Services East LLC, American Management Services LLC, Goodman Real Estate, Inc., Stanley Harrelson, and John Goodman (the "Georgia Plaintiffs") were named as defendants in *Fort Benning Family Communities, LLC & Fort Belvoir Residential Communities, LLC v. American Management Services East, LLC, et al.*, in the Superior Court of Muscogee County, State of Georgia, Civil Action File No.: SU10CV2025-F (the "Georgia Action," and together with the California Action, the "Underlying Litigation").

3.9     The Fifth Amended Complaint filed in the Georgia Action contains numerous allegations that the Georgia Plaintiffs unintentionally caused property damage and bodily injury resulting from the Georgia Plaintiffs' alleged mismanagement of military housing facilities located on United States military facilities in Georgia and Virginia that are commonly known as Fort Benning and Fort Belvoir.

3.10    Under established Washington law, the duty to defend only requires the complaint to allege facts that could potentially impose liability on the insured.  *Woo v. Fireman's Fund Insurance Company,* 161 Wn.2d 43, 164 P.3d 454 (2007).

3.11    The allegations made in the Underlying Litigation could potentially impose liability on the Plaintiffs.

3.12    Following the filings of the complaints in the Underlying Litigation, Plaintiffs timely tendered the defense and indemnity obligations arising from the Underlying Litigation to Defendants.  Defendants are obligated to defend Plaintiffs in the Underlying Litigation and indemnify Plaintiffs for any settlement or judgments in the Underlying Litigation.

3.13    Defendants did not defend under a reservation of rights, and treated its own interests with more care than those of Plaintiffs'. Defendants denied coverage without conducting a reasonable investigation and without reasonably applying the terms of the Policies to the allegations in the Underlying Litigation. Defendants wrongfully denied coverage to all Plaintiffs for both defense and indemnity in the Underlying Litigation, and abandoned Plaintiffs forcing them to incur substantial legal fees and costs.

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

## IV.  FIRST CAUSE OF ACTION
### (DECLARATORY RELIEF)

4.1     Plaintiffs reallege Paragraphs 1.1 through 3.11 and incorporate by reference the same as though fully set forth herein.

4.2     Despite their obligations to defend and indemnify Plaintiffs, Defendants denied coverage to Plaintiffs under the Policies with respect to the Underlying Litigation.

4.3     By reason of the foregoing, an actual and justifiable controversy exists between the parties with respect to coverage under the Policies. Plaintiffs therefore request a declaration and an adjudication of the rights, duties and liabilities of the parties regarding Plaintiffs' claims for defense and indemnity arising from the Underlying Litigation.

4.4     Plaintiffs seek a determination by this court that: (1) Defendants owe each Plaintiff a separate and distinct duty to defend in the Underlying Litigation under their respective Policies; (2) Defendants breached these duties; (3) There are no exclusions or limitations which apply to abrogate those duties; (4) Defendants  must reimburse Plaintiffs for any fees and expenses they have incurred and must immediately undertake the defense of Plaintiffs in the Underlying Litigation; (5) Defendants must indemnify Plaintiffs against all liability for damages in the Underlying Litigation; and (6) as a result of Defendants' bad faith denial of coverage, Defendants are estopped from asserting coverage defenses and are obligated to reimburse Plaintiffs for all incurred defense fees and costs and to indemnify Plaintiffs for any monetary settlement and/or judgment in the Underlying Litigation.

## V.  SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

5.1     Plaintiffs reallege Paragraphs 1.1 through 4.5 and incorporate by reference the same as though fully set forth herein.

5.2     Defendants failed to fully accept, acknowledge and undertake their contractual duties and obligations to Plaintiffs under their respective Policies with respect to the Underlying Litigation.

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

5.3     Defendants breached their contractual obligations under their respective Policies by failing or declining to accept and/or perform their contractual duties and obligations with respect to Plaintiffs' rights to a defense and payment of Plaintiffs' legal liability for damages in the Underlying Litigation.

5.4     Plaintiffs have performed all of their respective obligations and conditions precedent under the Policies, except any that were waived or excused.

5.5     As a direct and proximate result of Defendants' breaches of the Policies, Plaintiffs are and were deprived of the benefit of insurance coverage provided under the Policies and have suffered damages in amounts to be proven at trial.  These damages include statutory interest on the liquidated damages constituting those expenses which Plaintiffs have paid.

## VI.  THIRD CAUSE OF ACTION
### (INSURANCE BAD FAITH)

6.1     Plaintiffs reallege Paragraphs 1.1 through 5.5 and incorporate by reference the same as though fully set forth herein.

6.2     Defendants breached their duties of good faith to Plaintiffs, their insureds, based on the covenant of good faith and fair dealing.

6.3     Defendants breached their duties of good faith by their acts and omissions alleged above, among others.

6.4     Defendants' breaches of their duties proximately caused damages to Plaintiffs, in an amount to be proven at trial.  These damages include, but are not limited to: (1) unreimbursed defense fees and costs; (2) liability for damages suffered by the California Plaintiffs in the California Action; (4) liability for damages suffered by the Georgia Plaintiffs in the Georgia Action; (5) consequential damages, and (6) prejudgment interest at the statutory rate.

6.5     As a consequence of Defendants' bad faith conduct, Defendants are estopped from asserting policy defenses. *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 564 (1998). Accordingly, Defendants are obligated to indemnify Plaintiffs for the full amount of defenses fees and costs and any monetary settlement or judgment in the Underlying Litigation.

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

## VII.  FOURTH CAUSE OF ACTION

## (INSURANCE FAIR CONDUCT ACT – RCW 48.30.015)

7.1     Plaintiffs reallege Paragraphs 1.1 through 6.5 and incorporate by reference the same as though fully set forth herein.

7.2     Defendants unreasonably denied Plaintiffs coverage for defense and indemnity arising from the Underlying Litigation.

7.3     As a result of Defendants' unreasonable denial of coverage, Plaintiffs have and will continue to suffer actual damages in an amount to be proven at trial.

7.4     Under RCW 48.30.015(2), Plaintiffs are entitled to an award of up to three times their actual damages sustained as a result of Defendants' unreasonable denial of coverage.

7.5     Under RCW 40.30.015(3), Plaintiffs are also entitled to an award of its reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, incurred in bringing this action.

7.6     Plaintiffs timely filed the statutorily-required written notice to the Defendants and office of the insurance commissioner at least twenty days prior to bringing this action.

## VIII.  FIFTH CAUSE OF ACTION

## (WASHINGTON CONSUMER PROTECTION ACT – RCW CHAPTER 19.86)

8.1     Plaintiffs reallege Paragraphs 1.1 through 7.5 and incorporate by reference the same as though fully set forth herein.

8.2     Defendants' acts and omissions violate Washington's public policy as set forth in statutes, regulations and case law governing the business of insurance.

8.3     Defendants' acts and omissions in the handling of Plaintiffs' claims for coverage affect the public interest and have the potential for repetition.

8.4     Defendants' acts and omissions violate the Washington Consumer Protection Act and Plaintiffs seek actual damages in an amount to be proven at trial, including treble damages for each violation of the Washington Consumer Protection Act.

8.5     Under RCW 19.86.090, Plaintiffs are entitled to recover the costs of bringing this action, including an award of reasonable attorneys' fees.

COMPLAINT- 8
Case No.:

1014735\v1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

1.      Entry of an Order of Declaratory Judgment providing the relief requested in Paragraph 4.4;

2.      Entry of judgment in the full amount of Plaintiffs' claims for breach of contract, in an amount to be determined at trial;

3.      Entry of judgment in the full amount of Plaintiffs' damages for the tort of bad faith, in an amount to be determined at trial;

4.      Entry of judgment in an amount equal to three times the actual damages sustained by Plaintiffs as a result of Defendants' unreasonable denial of coverage;

4.      Entry of a judgment in the full amount of Plaintiffs' actual damages for violation of the Washington Consumer Protection Act and entry of a judgment of treble damages for each violation of the Act;

5.      Entry of a judgment for prejudgment interest;

///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT- 9
Case No.:

1014735\v1

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

6.     Entry of judgment for Plaintiffs' attorneys fees and costs pursuant to the rule established in *Olympic Steamship*, RCW 48.30.015(3), and RCW 19.86.090.

7.     For such further relief as this Court deems just and equitable.

Dated this 22nd day of June, 2015.

**BALL JANIK LLP**

*/s/ Kyle A. Sturm*_____
Kyle A. Sturm, *pro hac vice pending*
ksturm@balljanik.com
James C. Prichard, WSBA #30077
jprichard@balljanik.com
Benjamin C. Seiken, WSBA #46732
bseiken@balljanik.com
Attorney for Plaintiffs

**BOWERS FOREMAN PLLC**

*/S/ Linda L. Foreman*_____
Linda L. Foreman, WSBA #11817
linda@lindaforeman.com


Attorneys for Plaintiffs

Trial Attorneys: Linda L. Foreman and Kyle A. Sturm

COMPLAINT- 10
Case No.:

1014735\v1

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525