The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMERICAN MANAGEMENT SERVICES EAST, LLC, a Washington limited liability company, AMERICAN MANAGEMENT SERVICES LLC, a Washington limited liability company, AMERICAN MANAGEMENT SERVICES CALIFORNIA INC., a Washington corporation, GOODMAN REAL ESTATE, INC., a Washington corporation, formerly d/b/a GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON, an individual, JOHN GOODMAN, an individual, PINNACLE IRWIN LLC, a Washington limited liability company, and PINNACLE MONTEREY LLC, a Washington limited liability company,<br><br>        Plaintiffs,<br><br>        vs.<br><br>SCOTTSDALE INSURANCE COMPANY, a Delaware corporation, and LEXINGTON INSURANCE COMPANY, a Delaware corporation,<br><br>        Defendants. | No. 2:15-cv-01004-TSZ<br><br>**COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FRCP 26(f)** |

The counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f) and the Court Scheduling Order and submit:

JOINT STATUS REPORT
& DISCOVERY PLAN (2:15−cv−01004)- 1

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

## COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN

**1.     Statement of the nature and complexity of the case.**

This is a declaratory judgment action in which the parties ask the Court to declare the respective rights and duties under liability insurance policies issued by Scottsdale and Lexington. The controversy being triggered by their declinations to defend and indemnify their insureds (collectively "AMS Plaintiffs") in the Underlying Litigation: *Fort Benning Family Communities, LLC & Fort Belvoir Residential Communities, LLC v. American Management Services East, LLC, et al.*, in the Superior Court of Muscogee County, State of Georgia, Civil Action File No.: SU10CV2025-F (the "Georgia Action) and *Monterey Bay Military Housing, LLC, et al. vs. Pinnacle Monterey LLC, et al.*, United States District Court, Northern District of California, San Jose Division, Case No. 14-cv-03953-BLF (the "California Action").  The AMS Plaintiffs also assert breach of contract, bad faith and separate violations of the Washington State Insurance Fair Conduct Act ("IFCA") and Washington Consumer Protection Act ("CPA").  Scottsdale and Lexington deny the AMS Plaintiffs' claims.   The damages for breach of the duty to defend are alleged to be over $50.0 million.  Plaintiffs assert damages for breach of the duty to indemnify will be approximately $84.0 million.  The extra-contractual damages, if any, would be in addition to these amounts.

This matter will be more complicated than the usual Declaratory Judgment and Bad Faith action.  Determining the duty to defend should be straightforward because it is a question of law.  The issues arising from the Insured's claims for indemnity and its extra-contractual claims, coupled with the Insurers' defenses and rights to take discovery about the Underlying Litigation will create problems with the timing and extent of discovery and privilege issues.

Counsel agree on the problems and are working cooperatively.  The problems arise from the complexity of the Underlying Litigation, which commenced in May 2010 and settled in late August 2015.  The Underlying Litigation was extensively litigated and involved significant discovery specifically focusing on EIS.  Legitimate document requests in this lawsuit will therefore involve the review of millions of documents and discovery from three state court matters and one federal court matter.

Another potential issue involves a current inquiry by the Department of Justice into the matters put at issue in the Underlying Litigation.  This inquiry has raised the possibility of witnesses invoking Fifth Amendment privileges, which could hamper the parties' efforts to conduct discovery in this case.

**2.     A proposed deadline for the joining of additional parties.**
        October 21, 2015

        .

**3.     Magistrate Judge.**  The parties do not consent to a Magistrate.

JOINT STATUS REPORT
& DISCOVERY PLAN (2:15−cv−01004)- 2

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

4. **A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:**

(**A**) **initial disclosures;**

ANSWER 4(A):  The parties propose extending the deadline from September 8 to October 1, 2015.

**(B) subjects, timing, and potential phasing of discovery;**

ANSWER 4(B):  The parties agree that the duty to defend will likely be resolved on cross motions for summary judgment. All counsel agree that conducting only written discovery until after the rulings makes economic and legal sense. The parties therefore propose staying all discovery regarding any other coverage issues or damage issues until after the resolution of the motions for summary judgment regarding the duty to defend.

Should further discovery be warranted after the motions are decided, the parties currently anticipate discovery could include these subjects: 1) the defense costs and settlement in the Underlying Litigation; 2) facts in relation to the Underlying Litigation; 3) the Insurers' discovery to defend against indemnity and support coverage defenses; 4) the Insurers' claims investigation and handling; and 5) defenses to indemnity.   The parties reserve their rights to make objections regarding specific identified items and any additional discovery items that might be requested in the future.

The parties agree that no depositions will be conducted until after the duty defend issue has been decided.  They further agree that in light of the number of AMS Plaintiffs and other lay witnesses, Scottsdale and Lexington will likely need to take a large number of depositions and should not be limited by the amount contemplated in the Federal Rules.

Counsel believe that the initial written discovery can be completed by December 31, 2015.  They believe the balance of discovery will take the entirety of 2016.  Besides the complexities previously described, another difficulty is the fact the indemnity issues necessitate trying a case within a case; which means trying the Georgia and California Actions in this lawsuit.  This additional time will give the Department of Justice time to determine whether to proceed with criminal investigations.

**(C) electronically stored information;**

ANSWER 4(C):  At this early point, the parties believe the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation provide a workable template.

(**D) privilege issues;**

ANSWER 4(D):  Since the AMS Plaintiffs will seek discovery of the insurers' claim files, privilege issues could arise.  Such issues will likely also arise with factual discovery related to the Underlying Litigation as the Insureds may have attorney-client privilege protection on communications the Insurers seek in discovery.

**(E) proposed limitations on discovery; and**

ANSWER 4(E):  None are proposed at this time other than those identified in 4B. Counsel have discussed the extra-ordinary circumstances and believe they can reach agreements on many issues.

**(F) the need for any discovery related orders.**

ANSWER 4(F):  See 4B and 4E.  If the discovery is sequenced as counsel suggests, an order may be appropriate.

**5.    The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

(**A) prompt case resolution;**

ANSWER 5(A):  The parties agree prompt case resolution would be facilitated by Motions for Summary Judgment on the duty to defend.  Further, the Declaratory Judgment action by Scottsdale under Cause No.: 2:15-cv-01000, which presents identical legal issues, could be consolidated with this lawsuit.

**(B) alternative dispute resolution;**

ANSWER 5(B):  Mediation.

(**C) related cases;**

ANSWER 5(C):  The Georgia and California Actions have been settled.    The Scottsdale lawsuit under Cause No.: 2:15-cv-01000 is pending.

 **(D) discovery management;**

ANSWER 5(D):  Counsel agree to cooperate in discovery to the extent practicable given their duties to their clients.

**(E) anticipated discovery sought;**

ANSWER 5(E):  The parties have agreed to phase the discovery as described in the answer to **4B**.

**(F) phasing motions;**

ANSWER 5(F):  The parties have agreed to file cross motions on the duty to defend on October 15, 2015.  The deadlines for dispositive and pre-trial motions should depend on the trial date.

**(G) preservation of discoverable information;**

ANSWER 5(G):  The parties agree that they will take all reasonable measures to preserve discoverable information.

**(H) privilege issues;**

ANSWER 5(H):  The parties have discussed these issues and, at this point, agree to address them as they arise.

**(I) Model Protocol for Discovery of ESI; and**

ANSWER 5(I):  At this point, the parties agree to comply with the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation.

**(J) alternatives to Model Protocol.**

ANSWER 5(J):  None proposed at this time.

**6.    The proposed date by which discovery can be completed.**

ANSWER 6:  Twelve (12) months from entry of the order on the cross motions for summary judgment on the duty to defend.

**7.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

ANSWER 7:  The Insureds do not agree to bifurcation.  The Insurers believe bifurcating the complex coverage issues from the extra-contractual claims will serve judicial economy, help to streamline the trial, and facilitate a more efficient and orderly resolution of this matter.

**8.     Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and k, and 16.1 should be dispensed with in whole or in part for the sake of economy.**

ANSWER 8:  No.

**9.     Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

ANSWER 9:  The parties do not intend to utilize the Individual Trial Program set forth in LCR 39.2. The parties do agree to participate in mediation as described in LCR 39.1.

**10.    Any other suggestions for shortening or simplifying the case.**

ANSWER 10:  Aside from the Insurers' request for bifurcation, none at this time.

**11.    The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

ANSWER 11: May 1, 2017

**12.    Whether the trial will be jury or non−jury.**

ANSWER 12:  Jury.

**13.    The number of trial days required.**

ANSWER 13: Twenty-eight (28) days

**14.    The names, addresses, and telephone numbers of all trial counsel.**

ANSWER 14:

Attorneys for AMS Plaintiffs

   Linda L. Foreman
   **BOWERS FOREMAN, PLLC**
   5825 60th Street SE
   Snohomish, WA  98290
   Phone:  (425) 377-1100

   Kyle A. Sturm
   James Clark Prichard
   **BALL JANIK LLP**
   101 SW Main St. Ste. 1100

1  Portland, OR 97204
   (503) 228-2525
2
   <u>Attorneys for Scottsdale Insurance Company</u>
3
4  Geoff J. M. Bridgman
   Tracy N. Grant
5  **OGDEN MURPHY WALLACE PLLC**
   901 Fifth Avenue Ste. 3500
6  Seattle, WA 98164-2008
   (206) 447-7000
7
   Peter J. Mintzer
8  **SELMAN BREITMAN LLP**
   800 Fifth Avenue, Suite 4100
9  Seattle, WA 98104
   (206) 805-2060
10
11 <u>Attorneys for Lexington Insurance Company</u>

12 Stephen G. Skinner
   **ANDREWS SKINNER**
13 645 Elliott Avenue W. Ste. 350
   Seattle, WA 98119-3911
14 (206) 223-9248

15 **15.   The dates on which the trial counsel may have complications to be considered in setting a trial date.**
16

17 ANSWER 15:  All counsel are available for trial on May 1, 2017.

18 **16.   If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected,**
19 **why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**
20

21 ANSWER 16:  All respective parties have been served.

22
23 **17.   Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

24 ANSWER 17:  All parties agree a scheduling conference would be helpful.

25

18. **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

    ANSWER 18: The AMS Plaintiffs filed their disclosures on June 22. Defendant Scottsdale filed its disclosure on July 27. Defendant Lexington filed its disclosure on September 8.

19. **Whether the parties consent to having hearings in this matter video recorded as part of the Judiciary's Pilot Project on Cameras in the Courtroom, as set forth in Section V below.**

    ANSWER 19:  The parties do not consent to having hearings in this matter video recorded.

Respectfully submitted this 15th day of September, 2015.

**BOWERS FOREMAN, PLLC**

*Linda L. Foreman*
Linda L. Foreman
5825 60th Street SE
Snohomish, WA  98290
Phone:  (425) 377-1100
Attorneys for AMS Plaintiffs

**BALL JANIK LLP**

*Kyle A. Sturm*
Kyle A. Sturm
James Clark Prichard
101 SW Main St. Ste. 1100
Portland, OR 97204
(503) 228-2525
Attorneys for AMS Plaintiffs

**OGDEN MURPHY WALLACE PLLC**

*Geoff J. M. Bridgman*
Geoff J. M. Bridgman
Tracy N. Grant
901 Fifth Avenue Ste. 3500
Seattle, WA 98164-2008
(206) 447-7000
Attorneys for Scottsdale Insurance Company

**SELMAN BREITMAN LLP**

____*Peter J. Mintzer*_____
Peter J. Mintzer
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
(206) 805-2060
Attorneys for Scottsdale Insurance Company

**ANDREWS SKINNER**

____*Stephen G. Skinner*_____
Stephen G. Skinner
645 Elliott Avenue W. Ste. 350
Seattle, WA 98119-3911
(206) 223-9248
Attorneys for Lexington Insurance Company