The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AMERICAN MANAGEMENT SERVICES EAST, LLC, a Washington limited liability company, AMERICAN MANAGEMENT SERVICES LLC, a Washington limited liability company, AMERICAN MANAGEMENT SERVICES CALIFORNIA INC., a Washington corporation, GOODMAN REAL ESTATE, INC., a Washington corporation, formerly d/b/a GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON, an individual, JOHN GOODMAN, an individual, PINNACLE IRWIN LLC, a Washington limited liability company, and PINNACLE MONTEREY LLC, a Washington limited liability company,<br><br>         Plaintiffs,<br><br>   vs.<br><br>SCOTTSDALE INSURANCE COMPANY, a Delaware corporation, and LEXINGTON INSURANCE COMPANY, a Delaware corporation,<br><br>         Defendants. | No. 2:15-cv-01004-TSZ<br><br>STIPULATIONS & ADMISSIONS BY ALL PLAINTIFFS APPLYING FOR MOTION PRACTICE, DISCOVERY AND TRIAL |

The Plaintiffs offer these Stipulations and Admissions to facilitate the resolution of this litigation by narrowing factual and legal issues raised in the Parties' Cross Motions for Summary Judgment on the Duty to Defend, as well as in all pending and future motions, and at trial.

PLAINTIFFS' STIPULATION AS TO
FACTS AND LAW
USDC No. 2:15−cv−01004−TSZ - 1

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

Plaintiffs are not waiving any extra-contractual claims and damages. These stipulations and admissions apply to the Plaintiffs' claims for Declaratory Judgment and Breach of Contract, to the extent those claims seek recovery of defense costs and indemnity. Plaintiffs specifically assert the right to recover full indemnity under *Waite v. Aetna Cas. & Sur. Co.,* 77 Wash. 2d 850, 851-852 (1970).

The Plaintiffs admit the facts set out below and stipulate to the application of law to those facts, for all purposes in the consolidated cases.

**A. Trigger of Coverage**

**Georgia**

1. The Defendants had no duty to defend AMS East, LLC or AMS, LLC, until filing the Third Amended Complaint in Georgia (July 12, 2012) when allegations of work order manipulation were added.

2. The Defendants had no duty to defend Stanley Harrelson, John Goodman, GFS Risk, LLC, Goodman Financial Services, Inc. and Goodman Real Estate, Inc. until filing the Fifth Amended Complaint in Georgia (August 1, 2012) when these parties were first named as defendants and allegations implicating them in work order manipulation were added.

**California**

3. The Defendants had no duty to defend AMS California, LLC, AMS, LLC, Pinnacle Monterey, LLC and Pinnacle Irwin, LLC until filing the Second Amended Complaint in California (January 25, 2012) when allegations of work order manipulation were added.

4. The Defendants had no duty to defend Stanley Harrelson, John Goodman, GFS Risk, LLC, Goodman Financial Services, Inc. and Goodman Real Estate, Inc. until filing the Third Amended Complaint in California (September 28, 2012) when these parties were first named as defendants and allegation implicating them in work order manipulation were added.

**B. Scope of Defense**

**Georgia**

1. The Defendants had no duty to defend Plaintiffs, or any of them, for the following counts set

PLAINTIFFS' STIPULATION AS TO
FACTS AND LAW
USDC No. 2:15−cv−01004−TSZ - 2

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

out in the Third Amended Complaint:

#1—Declaratory Judgment

#2—Declaratory Judgment

#4---Fraud

#5—Conspiracy to Commit Fraud

#6---Unjust Enrichment

#7---Accounting

2. The Defendants had no duty to defend Plaintiffs, or any of them, for the following counts set out in the Fourth and Fifth Amended Complaints:

#1—Declaratory Judgment

#4---Fraud

#5---Conspiracy to Commit Fraud

#6—Georgia RICO

#7—Unjust Enrichment

#8—Accounting

**California**

3. The Defendants had no duty to defend Plaintiffs, or any of them, for the following causes of action set out in the Second Amended Complaint:

#1—Claim for Declaratory Relief that the Proposed Monterey Amendment is Invalid

#2--Claim for Declaratory Relief that the Proposed Irwin Amendment is Invalid

#3---Claim for Declaratory Relief that the Monterey PMA has Automatically Terminated

#4---Claim for Declaratory Relief that the Irwin PMA has Automatically Terminated

#7—Claim for Fraud

#8—Claim for Conspiracy to Commit Fraud

#9—Business and Professional Code §§17200, *et seq.*—Unfair Business Acts and Practices

#10—Unjust Enrichment

4. The Defendants had no duty to defend Plaintiffs, or any of them, for the following causes of

PLAINTIFFS' STIPULATION AS TO
FACTS AND LAW
USDC No. 2:15−cv−01004−TSZ - 3

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

action set out in the Third Amended Complaint:

#1—Claim for Declaratory Relief that the Proposed Monterey Amendment is Invalid

#2--Claim for Declaratory Relief that the Proposed Irwin Amendment is Invalid

#3---Claim for Declaratory Relief that the Monterey PMA has Automatically Terminated

#4---Claim for Declaratory Relief that the Irwin PMA has Automatically Terminated

#7—Claim for Fraud

#8—Claim for Conspiracy to Commit Fraud

#9---Deceit

#10— Business and Professional Code §§17200, *et seq.*—Unfair Business Acts and Practices

#11---Unjust Enrichment

5.  The Defendants had no duty to defend Plaintiffs, or any of them, for the following causes of action set out in the Fourth Amended Complaint:

#1—Claim for Declaratory Relief that the Proposed Monterey Amendment is Invalid

#2--Claim for Declaratory Relief that the Proposed Irwin Amendment is Invalid

#3---Claim for Declaratory Relief that the Monterey PMA has Automatically Terminated

#4---Claim for Declaratory Relief that the Irwin PMA has Automatically Terminated

#7—Claim for Fraud

#8—Claim for Conspiracy to Commit Fraud

#9---Civil RICO

#10---Deceit

#11— Business and Professional Code §§17200, *et seq.*—Unfair Business Acts and Practices

#12---Unjust Enrichment

**B.  Damages**

Plaintiffs agree the Policies exclude recovery of liability for damages for:

1. Restitution;

2. Disgorgement of fees, profits and benefits;

3. Damages and attorneys fees recoverable under all claims and counts alleging RICO;

PLAINTIFFS' STIPULATION AS TO
FACTS AND LAW
USDC No. 2:15−cv−01004−TSZ - 4

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM

4. Damages and attorneys fees recoverable under all claims and counts the Plaintiffs agree were not covered.

**C. Stipulations of law in relation to the admitted facts.**

1. <u>Limitation on the scope of the duty to defend.</u> Under Washington law, an insurer does not have to defend a claim undisputedly not covered. *Woo v. Fireman's Fund Ins. Co.*, 16 Wash. 2d 43, 53; *Waite v. Aetna Cas. & Sur. Co.,* 77 Wash. 2d 850 (1970); relied upon in *Nordstrom, Inc. v. Chubb & Son, Inc.,* 54 F.3d 1424 (1995). *v. Aetna Cas. & Sur. Co.,* 77 Wash. 2d 850 (1970); relied upon in *Nordstrom, Inc. v. Chubb & Son, Inc.,* 54 F.3d 1424 (1995).   Plaintiffs stipulate that the Court may limit its inquiry on the insurers' duty to defend to the breach of fiduciary claims reasonably relating to the alleged work order manipulation.  Plaintiffs stipulate that Defendants could limit their duty to defend to the allegations reasonably relating to the work order manipulation.

Plaintiffs' seek defense and indemnity for the counts & claims for: 1) Breach of Fiduciary Duty and Aiding and Abetting Breach of Fiduciary Duty for allegations reasonably related to work order manipulations; 2) Attorneys Fees; and 3) Punitive Damages.  Plaintiffs assert all ESI discovery is reasonably related to the work order manipulation claims.

2. <u>ADR to determine defense costs.</u>  The Policies do not set out alternative dispute resolution provisions.  The Plaintiffs agree to an alternative dispute resolution for determination of the amount of reasonable and necessary defense expenses incurred in the Clark Litigation.  Plaintiffs agree to the designation of a single individual, either by agreement with Defendants or by designation of the Court, for the purposes of making a non-appealable determination.  Plaintiffs waive the right to a jury trial on this element of damages.

Dated this 2nd day of May, 2016

                                       BOWERS FOREMAN PLLC

                                       s/Linda L. Foreman
                                       Linda L. Foreman, WSBA 11817
                                       linda@lindaforeman.com
                                       Attorneys for Plaintiffs

1  BALL JANIK LLP

2  s/Kyle A. Sturm, admitted *pro hac vice*
   ksturm@balljanik.com
3  Attorneys for Plaintiffs

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFFS' STIPULATION AS TO
FACTS AND LAW
USDC No. 2:15−cv−01004−TSZ - 6

BOWERS FOREMAN, PLLC
Telephone (425) 377-1100
LINDA@LINDAFOREMAN.COM