The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AMERICAN MANAGEMENT SERVICES EAST, LLC, a Washington limited liability company, et al.<br><br>    Plaintiffs,<br><br>  vs.<br><br>SCOTTSDALE INSURANCE CO., a Delaware corporation, et al.,<br><br>    Defendants. | CASE NO. 2:15-cv-01004-TSZ<br><br>REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION<br><br>(ORAL ARGUMENT REQUESTED)<br><br>NOTE ON MOTION CALENDAR: JUNE 3, 2016 |

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION
Case Number: 2:15-CV-1004-TSZ

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1064558\v3

1    The issues have been narrowed to whether Defendants breached their duty to defend Plaintiffs against the claims for Breach of Fiduciary and Aiding and Abetting Breach of Fiduciary Duty in the Georgia and California Lawsuits.   Plaintiffs submit their motion for reconsideration and should be granted for the following reasons.

   1) Plaintiffs John Goodman, Goodman Real Estate (fka Goodman Financial Services), GFS Risk, LLC, Pinnacle Irwin and Pinnacle Monterey should have been defended because it is not legally or factually disputed that (a) the Project employees involved in the work order manipulation were not employees or agents of any of these Insureds; and (b) the work order manipulation was an "occurrence" because the Separation of Insureds language in the Policies, as interpreted under Washington law, require a separate analysis of coverage for each Insured. There is no factual or legal basis to extend liability for the employees' intentional acts beyond their employers.  And there are allegations in the Clark Litigation of negligent and reckless conduct in regard to the Plaintiffs' alleged failure to supervise the Project employees.

   2) Plaintiffs AMS, AMS East, AMS California, and Stanley Harrelson should have been defended because there are allegations in the Clark Litigation of negligent and reckless conduct in regard to the Plaintiffs' alleged failure to supervise the Project employees.

   3) The Policies are triggered by the possibility of liability arising from "bodily injury" or "property damage."  However, the indemnity for that liability includes all damages "because of" the bodily injury or property damage.  The Amended Complaints incorporate affidavits of Project employees, which include allegations of mold, are sufficient to trigger the duty to defend. If those allegations were proven at trial, the Insurers would be obligated to indemnify the Insureds for "all sums" the Insureds became legally obligated to pay because of that property damage.

   4) Alternatively, extrinsic evidence, presented by Plaintiffs during the claim process and in its Motion on the Duty to Defend, establishes a duty to defend.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION - 1
Case Number:  2:15-CV-1004-TSZ

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1064558\v3

5) Plaintiffs are not relying on "new arguments" in support of the motion. They did advocate for a global finding of coverage on summary judgment, but that does not mean these arguments are new. Plaintiffs have consistently pointed out that a separate analysis for each Insured is appropriate. They pointed it out prior to this lawsuit,[1] in the complaint filed in this lawsuit,[2] and in the summary judgment briefing.[3] This position is not new.

## ARGUMENT

The summary judgment ruling was in manifest error because (1) the objective determination of "occurrence" resulted in nothing less than a forfeiture of coverage for Plaintiffs who were undisputably not vicariously liable as "employers" or "principals" of the employees that are alleged to have committed the work order manipulation, which is in contravention of the Policies' assurance of Separation of the Insureds and Washington law recognizing this distinction; and (2) the Amended Complaints did contain allegations of negligent and reckless conduct related to the failure of all Plaintiffs to supervise the Project employees, triggering a defense as for the reasons described in *Pac. Ins. Co. v. Catholic Bishop of Spokane*[4] and *Liberty Univ., Inc. v. Citizens Ins. Co. of Am*[5] cases. When the allegations are closely analyzed, they support a finding of coverage even when an objective standard is applied.[6]

In the California lawsuit, Pinnacle (defined to include AMS and AMSC)[7] was alleged to have participated in the work order manipulation through its employees at Fort Irwin and

---

[1] Docket No. 52-10 (Ex. 61) at p. 6 (informing Scottsdale it was improperly using a "one size fits all" theory to assess coverage and that "[e]ach insured's request for coverage should be considered independently of the others.")
[2] Docket No. 1 at p. 6, ¶ 4.4 (expressly setting forth plaintiffs' request for a declaration that the insurers "owe each Plaintiff a separate and distinct duty to defend").
[3] Docket No. 74 at 27 (noting that an insured-by-insured analysis whether the "owned/controlled property exclusion" applied) (quoting *Pac. Ins. Co. v. Catholic Archbishop of Spokane*, 450 F.Supp.2d 1186, 1199 (E.D. Wash. 2006) and *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. No. 81*, 20 Wash. App. 261, 265-66 (1978)).
[4] 450 F.Supp.2d 1186 (E.D. Wash. 2006)
[5] 792 F.3d 520 (4th Cir. 2015).
[6] Plaintiffs continue to assert that a subjective standard is appropriate in this case, but does not address that issue in detail here given the extensive briefing that has already been submitted on the issue.
[7] Docket 51-10 (Ex. 21) at p. 2.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION - 2
Case Number: 2:15-CV-1004-TSZ

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1064558\v3

1   Monterey Bay.[8]  But the Goodman Entities (GRE and GFS) were never specifically alleged to
2   have participated in the work order manipulation.[9]  The Breach of Fiduciary Duty claims were
3   alleged against AMS, AMSC, Goodman and Harrelson (the latter, as executive officers).[10]  The
4   claim for aiding and abetting the Breach of Fiduciary Duty included the Goodman Entities, based
5   on the allegation of their "failing to disclose the insurance fraud, work order frauds, vendor
6   payments to Pinnacle employees and other misconduct to Plaintiffs, and by concealing these
7   frauds and other misconduct from Plaintiffs."[11]

8   In Georgia , the allegations mirrored those in Califonia, implicating the on-site employees
9   of AMSE and AMS.[12]  The Goodman Entities were alleged to have aided and abetted the other
10  named parties in perpetrating the alleged work order manipulation.[13]  These allegations described
11  negligent or reckless conduct as the Goodman Entities were alleged to have "failed to properly
12  investigate and report" and engaged in "tortious and wrongful conduct."[14]  These "less-than-
13  intentional" allegations are found elsewhere in describing the Goodman Entities' liability for
14  "failure to implement proper financial and other controls to prevent and detect fraud" and
15  because "at the very least, [they] recklessly tolerated such misconduct."[15]  These allegations
16  support the law on the duty to defend described by the Supreme Court in *Expedia* and *Woo*
17  because it was at least "conceivable" one of the insured Plaintiffs could be held liable for
18  damages as a result of negligent or reckless conduct.

---

[8] *See generally* Docket No. 51-10 (Ex. 21) at pp. 17-23, ¶¶ 64-87 (detailing affirmative allegations of work order fraud against Pinnacle and not referencing the Goodman Entities).
[9] *See* footnote 3, *supra*.
[10] Docket No. 51-10 (Ex. 21) at p. 45, ¶ 190.
[11] Id. at p. 47, ¶ 200.
[12] *See* Docket No. 51-5 (Ex. 16) at ¶¶ 3, 6, 64-87 (alleging work order fraud by on-site employees of AMS and AMSE, not against the Goodman Entities).
[13] Docket No. 51-5 (Ex. 16) at p. 68-69, ¶¶ 199-203.
[14] Id. at ¶¶ 201-202.
[15] Id. at ¶ 102, 247.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR RECONSIDERATION - 3
Case Number:  2:15-CV-1004-TSZ

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1064558\v3

1   The work order manipulation was allegedly done by on-site employees.[16] The Goodman Entities, Pinnacle Irwin and Pinnacle Monterey were not employers or principals of the offending employees. These critical facts are undisputed. Aside from the aiding and abetting allegations concerning non-disclosure, allegations of direct participation in the work order manipuation by the Goodman Entities, Pinnacle Irwin and Pinnacle Monterey, are absent. In fact, the Georgia Court of Appeals sustained the dismissal of Goodman, Harelson and GRE on lack of personal jurisdiction ground because there was no evidence that the parties that allegedly committed work order fraud acted as agents for Goodman, Harrelson, or GRE.[17]

The analysis of "occurrence" and intentional act exclusions by the Fourth Circuit in *Liberty Univ.*[18] is helpful. The Court was reviewing a decision on the duty to defend arising in a case where the underlying Plaintiffs asserted intentional acts by employees and resultant employer liability. The Circuit Court reversed the District Court concluding there was no duty to defend. The Court relied on the employer/employee relationship, which resulted in respondeat superior/vicarious liability.[19] The Court reasoned that an agency relationship or an employment relationship precluded the employer from obtaining coverage, even if it denied a subjective expectation of injury or damage. It analyzed the Separation of Insured provision in that context. The Court's reasoning precludes imputation of the Pinnacle employees' misconduct to the Goodman Entities, Pinnacle Irwin and Pinnacle Montery. The *Liberty Univ.* court recognized another exception to the imputed wrongful conduct, allowing even employers and principals to

---

[16] Docket No. 51-5 (Ex. 16) at 9, ¶ 22 (alleging fraud perpetrated by on-site employees); ECF 51-10 (Ex. 21) at p. 45, ¶ 190 (alleging the on-site employees of AMSC and AMS committed work order fraud).
[17] Docket No. 94 at Exs. 1-2.
[18] 792 F.3d 520 (4th Cir. 2015); *see also Corp. of the Catholic Archbishop of Seattle v. Arrowood Indem. Co.*, Case No. C15-175 MJP, 2015 WL 8212719 (W.D. Wash. Dec. 8, 2015) (holding no duty to defend where a party is directly alleged to have been vicariously liable, but acknowledging that coverage may be available where the party is alleged to have engaged in separate negligent conduct).
[19] *Id.* at 531-32.

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR RECONSIDERATION - 4
Case Number: 2:15-CV-1004-TSZ

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1064558\v3

be defended where there are allegations—and not necssarily express claims—of negligent supervision of the employes.[20]

This case is also analogous to the factual scenario addressed in *Catholic Bishop of Spokane*, which was cited favorably in *Liberty Univ.*[21] Although the *Catholic Bishop* case concerned an express claim for negligent supervision, a specific claim is not necessarily required to trigger coverage. Rather, there is a duty to defend "if the insurance policy conceivably covers the *allegations* in the complaint."[22] As detailed above, the allegations against the Goodman Entities, Pinnacle Irwin, and Pinnacle Monterey all concern negligent supervision in relation to work order manipulation. These plaintiffs only seek coverage for that alleged conduct. Per the analysis in *Liberty Univ.* and *Catholic Bishop*, those allegations are enough to trigger coverage.

Plaintiffs are also entitled to coverage because the complaints adequately alleged "property damage" or "bodily injury," including through incorporation of the employees' affidavits and express allegations of mold. In addition, the extrinsic evidence plaintiffs provided the insurers prior to this lawsuit and in the briefing include documented instances of covered property damage and bodily injury. For example, the Apex report set forth numerous instances of damage to the military communities. It is conceivable that the allegations of negligent conduct (which constitute an occurrence) resulted in the property damage and/or bodily injury detailed in the complaints and extrinsic evidence.[23] It is also possible that the plaintiffs' failure to supervise employees or its negligent failure to discover the conduct resulted in further property damage.[24] This is exemplified in the damage detailed in the Apex report discussed in

---

[20] *Id.* at 531 (citing *Pac. Ins. Co. v. Catholic Bishop of Spokane*, 450 F.Supp.2d 1186 (E.D. Wash. 2006)).
[21] 450 F.Supp.2d 1186 (E.D. Wash. 2006).
[22] *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wash.2d 793, 802 (2014).
[23] In an effort to avoid redundancy, plaintiffs do not address the issue of property damage or bodily injury in this reply. That issue has been briefed in great detail throughout this case.
[24] *See Colony Spec. Ins. Co. v. Mut. of Enumclaw Ins. Co.*, Case No. 15-cv-783-MC, 2016 WL 1271665, at *4-5 (D. Or. Mar. 29, 2016) (holding that continuing damage to property is covered under the policy).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR RECONSIDERATION - 5
Case Number:  2:15-CV-1004-TSZ

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1064558\v3

1  plaintiffs' initial motion.  The alleged negligence could have resulted in water damage (or other

2  similar progressive and ongoing property damage) that could or should have been repaired but

3  instead remained and spead further.

4

5  DATED:  June 3, 2016                                BALL JANIK LLP

6                                                                         *s/*Kyle A. Sturm
                                                                          Kyle A. Sturm, admitted *pro hac vice*
7                                                                         ksturm@balljanik.com
                                                                          Kevin S. Mapes, WSBA 40416
8                                                                         kmapes@balljanik.com
                                                                          Nicholas A. Thede, WSBA 43765
9                                                                         nthede@balljanik.com
                                                                          101 SW Main St., Ste. 1100
10                                                                        Portland, OR 97204
                                                                          Tel: (503) 228-2525
11

12                                                                        BOWERS FOREMAN PLLC

13                                                                        s/Linda L. Foreman
                                                                          Linda L. Foreman, WSBA 11817
14                                                                        linda@lindaforeman.com
                                                                          Bowers Foreman PLLC
15                                                                        5825 60th St. SE
                                                                          Snohomish, WA 98290
16                                                                        Tel: (425) 822-7197

17                                                                        *Attorneys for Plaintiffs*

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR RECONSIDERATION - 6
Case Number:  2:15-CV-1004-TSZ

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1064558\v3

CERTIFICATE OF SERVICE

I certify that on June 3, 2016, I electronically filed the foregoing MOTION FOR RECONSIDERATION with the Clerk of the Court for the United States District Court for the Western District of Washington by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 3, 2016

*s/Kyle A. Sturm*
Kyle A. Sturm, admitted *pro hac vice*
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE - 1
Case Number:  2:15-CV-1004-TSZ

BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204
Telephone 503-228-2525

1064558\v3