UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN MANAGEMENT SERVICES EAST LLC, et al., | |
| Plaintiffs, | C15-1004 TSZ |
| v. | ORDER |
| SCOTTSDALE INSURANCE COMPANY, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on defendant Scottsdale Insurance Company's ("Scottsdale") unopposed motion for summary judgment, docket no. 113. Having reviewed the motion and relevant filings, the Court enters the following Order.

**Background**[1]

Plaintiffs[2] collectively developed and managed military housing projects for the U.S. Army in Georgia, Virginia, and California pursuant to a variety of contractual

---

[1] The Court includes only an abbreviated summary of the background because the parties are familiar with the facts of this case and the Court's prior Order on the parties' cross-motions for summary judgment, docket no. 90, included a full recitation of the factual background.

[2] Plaintiffs are comprised of a number of management companies and two of their CEOs.

ORDER - 1

arrangements made with certain entities controlled by Clark Realty Capital ("Clark").

Defendant Scottsdale provided plaintiffs with general commercial liability coverage from

April of 2008 until April of 2012.

In 2010, entities controlled by Clark filed suit in Georgia against two of the

plaintiffs in this action, American Management Services East LLC and American

Management Services LLC.  The lawsuit sought a declaratory judgment that the parties'

Property Management Agreements ("PMAs") were terminated "for cause" and to recover

damages caused by the alleged fraud which precipitated the termination of the PMAs.

Stipulated Exhibits ("Stip. Exs."), Ex. 11, docket no. 51 (Georgia Complaint).  In 2011,

various entities controlled by Clark brought a similar suit in California seeking

declaratory and injunctive relief.[3]  Stip. Exs., Ex. 17, docket no. 51-6 (California

Complaint).

Plaintiffs tendered the defense of these actions to Scottsdale, but Scottsdale denied

coverage of the claims.  *See* Stip. Exs., Ex. 29, docket no. 52-1 (first denial of coverage in

the Georgia action); Ex. 30, docket no. 52-2 (denial of coverage in the California action);

Ex. 32, docket no. 52-3 at 4-7 (second denial of coverage in the Georgia action).

Thereafter, plaintiffs submitted additional, extrinsic evidence to Scottsdale and argued

that the evidence demonstrated that the lawsuits fell within the policies' coverage.  After

reviewing the extrinsic evidence, Scottsdale reaffirmed its denial of coverage.  Stip. Exs.,

Ex. 36, docket no. 52-4 at 1-29.

---

[3] This Order refers to these lawsuits collectively as the "underlying litigation."

ORDER - 2

1          On June 22, 2015, plaintiffs filed this suit, alleging causes of action for declaratory

2   relief, breach of contract, insurance bad faith, and violations of the Insurance Fair

3   Conduct Act ("IFCA") and Consumer Protection Act ("CPA").   The parties filed cross-

4   motions for partial summary judgment on the issue of whether Scottsdale had a duty to

5   defend plaintiffs in the underlying litigation.  *See* docket nos. 53, 59.  On April 18, 2016,

6   this Court denied plaintiffs' motion and granted Scottsdale's motion, finding that

7   Scottsdale owed no duty to defend plaintiffs because the claims alleged in underlying

8   litigation were not covered under the policies issued by Scottsdale.  *See* docket no. 90.

9   **<u>Discussion</u>**

10          Scottsdale argues that this Court's ruling on the duty to defend disposes of

11   plaintiffs' remaining claims for breach of contract, insurance bad faith, and violations of

12   the IFCA and CPA.  Certainly, the absence of coverage and an accompanying duty to

13   defend disposes of plaintiffs' claims for breach of contract and violation of the IFCA.

14   Under IFCA, an unreasonable denial of coverage or payment of benefits is a prerequisite

15   to insurer liability.  *See Hover v. State Farm Mut. Auto Ins. Co.*, No. 13-CV-05113-SMJ,

16   2014 WL 4546048, at *2 (E.D. Wash. Sept. 12, 2014) ("[A]n unreasonable denial of a

17   claim for coverage or payment of benefits is the only way a plaintiff may establish

18   liability under the IFCA." (citing RCW 48.30.015(1)); *see also Cardenas v. Navigators*

19   *Ins. Co.*, No. C11-5578 RJB, 2011 WL 6300253, at *6 (W.D. Wash. Dec. 16, 2011)

20   (collecting cases).  Similarly, plaintiffs' breach of contract claim is predicated solely on

21   an allegation that Scottsdale denied coverage owed under the policies.  Given this Court's

22   ruling that coverage did not extend to the claims alleged in the underlying litigation,

23

ORDER - 3

plaintiffs' breach of contract and IFCA claims fail as a matter of law because Scottsdale did not contravene obligations imposed by the policies or unreasonably deny coverage owed.

Plaintiffs' claims for insurance bad faith and violation of the CPA, on the other hand, are potentially still viable, as neither is based solely on an allegation that defendants denied coverage owed under the policies.[4]   However, it appears that plaintiffs now intend to limit their extra-contractual claims to those arising from the duty to defend. In their response to Scottsdale's motion, docket no. 118, plaintiffs' agree with Scottsdale that "[t]his Court's April 18, 2016, ruling disposes of plaintiffs' claims" because each of those claims is "dependent upon a ruling that the defendant insurance companies owed plaintiffs a duty to defend" the underlying litigation.  Accordingly, Scottsdale's motion for summary judgment, docket no. 113, is GRANTED.  Plaintiffs' remaining claims against Scottsdale for breach of contract, insurance bad faith, and violations of the IFCA and CPA are DISMISSED with prejudice.

The Clerk is DIRECTED to enter judgment consistent with this Court's prior Order, docket no. 90, and this Order.

In addition, counsel having advised the Court that mediation has resulted in a resolution of plaintiffs' claims against defendant Lexington Insurance Company ("Lexington"), *see* Notice of Agreement to Settle, docket no. 122, and defense counsel

---

[4] For example, plaintiffs allege that defendants "denied coverage without conducting a reasonable investigation" and that defendants' "acts and omissions violate Washington's public policy as set forth in statutes, regulations and case law governing the business of insurance."  Compl., docket no. 1 at ¶¶ 3.13, 8.2

1   having confirmed telephonically that the settlement encompasses Lexington's

2   counterclaim,

3        NOW, THEREFORE, IT IS ORDERED that plaintiffs' claims against Lexington

4   and Lexington's counterclaim against plaintiffs are DISMISSED with prejudice and

5   without costs.  In light of the parties' settlement, Lexington's motion for joinder in

6   Scottsdale's motion for summary judgment, docket no. 119, is STRICKEN as moot.

7        In the event settlement is not perfected, either party may move to reopen and trial

8   will be scheduled, provided such motion is filed within **60** days of the date of this Order.

9        The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

10       IT IS SO ORDERED.

11       Dated this 2nd day of November, 2016.

12

13

14       Thomas S. Zilly
         United States District Judge

15

16

17

18

19

20

21

22

23

ORDER - 5